## Cooper's Administratrix v. McCoy, Guardian, etc.

(Decided May 22, 1925.)

### Appeal from Pike Circuit Court.

1. Attorney and Client—Petition for Attorney's Fees for Services to Guardian, Not Averring Performance of Contract, Does Not State Cause of Action.—Petition, in action for attorney's fees under contract, whereby attorney agreed with guardian to bring suit to obtain sale of ward's land offered to veterans' hospital board, which averred that title was obtained by condemnation and did not allege that attorney did anything except that he was "instrumental" in procuring favorable price, does not state cause of action.

2. Attorney and Client—Counterclaim for Premium Paid for Unnecessary Bond and for Attorney's Services in Quashing Bond Held Properly Dismissed.—In action for attorney's services, counterclaim for premium paid for an unnecessary bond, which attortorney had erroneously induced defendant to execute, and for attorney's fee, paid for having such bond quashed, is properly dismissed where counterclaim did not allege that attorney acted fraudulently or that he had received any benefits except his commission as bonding company's agent.

R. H. COOPER and STATON & KEESEE for appellant.

MOORE & CHILDERS for appellees.

Opinion of the Court by Judge Thomas—Affirming.

R. H. Cooper, during the time of the transactions here involved, was an attorney and located at Pikeville, Kentucky. After this appeal was taken by him from an adverse judgment rendered by the Pike circuit court, he died intestate and the appeal has been properly revived in the name of his administratrix, but we will refer to appellant, in this opinion, as plaintiff and to the appellees as defendants, who are Floyd McCoy, guardian, and his ward, Vernon Ferguson, an infant.

Plaintiff brought this action in the Pike circuit court against defendants on a written contract signed on October 21, 1922, by the guardian, thus: "Floyd McCoy, guardian for Vernon Ferguson." The whole of the contract was: "I, Floyd McCoy, guardian for Vernon Ferguson, an infant under twenty-one years of age, hereby employ R. H. Cooper, an attorney at law, to bring and prosecute a suit for me and for my ward, to get a sale of the tract of land offered to the veteran's hospital board, for the sum of $12,000.00, provided the said board accepts the said offer made to them and directs the said suit to be brought. And agree to pay said attorney a reasonable fee for the services in securing a sale of the said property, and for other services connected therewith; and also to pay for some assistant attorney to aid him in the work," and it was alleged in the petition that, instead of plaintiff bringing the suit contemplated by the contract, the United States district attorney for the eastern district of Kentucky filed a condemnation suit against the infant to condemn his land for a site for the erection by the government of a veterans' hospital; that in that suit commissioners were appointed and they fixed the value of the property at $15,000.00 and their report was confirmed and the money subsequently paid. Plaintiff did not aver in any of his pleadings that he appeared in that condemnation suit in any capacity as the representative of the infant; the only services which he alleged that he did perform in that proceeding was that, "he was instrumental in securing an increase in the price paid for the property, from twelve thousand dollars, ($12,000.00) to fifteen thousand dollars ($15,000.00) and to accept the site at fifteen thousand dollars ($15,000.00), containing several acres less of valuable coal lands." The pleading does not enlighten us as to how, wherein

or in what manner plaintiff was so instrumental. But however that may be, the contract upon which he based his suit provided for no such professional "instrumental" services and if he was entitled to any compensation therefor (a question we do not determine) it would be upon a *quantum meruit* and not recoverable under the terms of the written contract, even if the latter was itself a valid one, a question extremely doubtful, since an infant's land may not be sold by the guardian through an *inter partes* contract, but only under statutory provision; from which it would seem to follow that he could not make a binding contract looking to the carrying out of such *inter partes* contract of sale. However, since it is not necessary to determine that question we will also leave it open.

Defendants demurred to the petition, and, without the court's action thereon they filed an answer, to which a reply was filed, followed by the taking of depositions by both sides. After the proof was so taken, and when the case was called for submission and trial, plaintiff tendered an amended petition which contained much more *elaboration* than the original one but no more *substance*. The court declined to permit it to be filed but made it a part of the record by order of court and then sustained defendants' demurrer to the petition followed by its dismissal, and from that judgment this appeal is prosecuted.

It requires no more than the application of elementary principles to demonstrate the correctness of the court's ruling in sustaining the demurrer upon grounds which the tendered amendment did not remove. They are: That, conceding the validity of the contract as we have hereinbefore done, plaintiff did not aver the performance of the obligations which he therein assumed. Nor did he allege other performed services in lieu of or in substitution thereof with the agreement and understanding on the part of defendants that they should take the place of those contracted for and be compensated for in the same manner. Not only so, but it was expressly averred that the title to the infant's land was obtained by the government, not at any judicial sale which plaintiff was employed to obtain, but through a condemnation proceeding instituted by the federal government, with which plaintiff had no connection, and in which he did not participate except his "instrumental" influence with the viewers. Whether such activity on his part was for

or on behalf of the infant and his guardian, or for some other reason we are not informed; but, however that may be, it is sufficient to say for the purpose of this case that it was no part of the duties assumed under the contract sued on. The court, therefore, did not err in sustaining the demurrer to the petition.

The testimony of plaintiff did not come any nearer to proving a cause of action in his favor than did his pleading in stating one, and the judgment was proper even if the court had considered the proof and determined the cause upon its merits.

The court also dismissed the counterclaim filed by defendants and from that judgment they have prayed and obtained a cross-appeal. The counterclaim was instituted in an effort to recover a judgment against plaintiff for $250.00 upon the ground that he, as agent for a bonding company, had erroneously induced them to execute a bond in the condemnation proceeding pending in the federal court as a prerequisite to the guardian collecting the award of the commissioners when, as they allege, no such bond was required or necessary and it was afterwards quashed by an order of the federal court. The amount of the counterclaim consists in the premium paid the bonding company for becoming surety on that bond and the fee to another attorney in procuring it to be quashed. It is not alleged that plaintiff fraudulently procured defendants to execute that bond and pay to his principal the premium, nor does it appear that he obtained the benefits of that premium except to the extent of his commission as agent for the bonding company. We have, therefore, concluded that the court was right in disallowing any part of the counterclaim.

Wherefore, the judgment on both the original and cross appeals is affirmed.